[No. 3,791.]

# R. G. SNEATH *v.* MARTIN GRIFFIN, R. A. Mc-DONELL AND ALEX. MOORE.

WHEN PARTY MAY BE DECLARED BOUND BY A JUDGMENT.—If judgment is rendered against a party upon several promissory notes signed by him, and one of the notes is also signed by two other persons who are made parties defendant, but are not served with process and do not appear, such other persons may be brought into Court to show cause why they should not be bound by the judgment, to the extent of the note which they signed, and they may be declared bound by it.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

On the sixth day of March, 1870, the plaintiff brought suit against the three defendants on three promissory notes, two signed by defendant Griffin alone, and one signed by the three defendants. Griffin had given a mortgage to secure the notes. Summons was served on Griffin alone, and defendants McDonell and Moore did not appear. Judgment by default was rendered against Griffin, and the Sheriff sold the mortgaged property, and reported a deficiency of one thousand two hundred and ninety-four dollars and ten cents, which was docketed by the Clerk. On the 16th of December, 1872, the plaintiff procured a summons which was served on the defendants McDonell and Moore, requiring them to appear and show cause why they should not be bound by the judgment to the extent of the note which they had signed. On the trial, the only evidence introduced was the promissory notes, the judgment, the order of sale, Sheriff's report, and docket entry of the unsatisfied balance. The Court entered judgment in favor of defendants Moore and McDonell, and the plaintiff appealed.

*Myres & Fellows*, for the Appellant.

The other two notes cut no figure; the judgment against Griffin being for the sum of all the notes, is no less a judg-

ment against him for the sum of this particular note, signed by Moore and McDonell, and the case stands precisely as it would had there been no other note in it.

*Hale & Craig,* for the Respondent.

By the Court, McKINSTRY, J.:

For the reasons stated in the brief of counsel for appellant, the judgment and order should be reversed, and the District Court should order and adjudge the defendants, McDonell and Moore, bound by the original judgment to the extent of six hundred and thirty-seven dollars thereof. So ordered.

Mr. Chief Justice WALLACE did not express an opinion.